IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| Jerri Joann Johnson,<br>          Plaintiff *Pro Se*<br><br>v.<br><br>O'Connell & Lawrence, Inc.,<br>          *Defendant.* | **Complaint for Race and Gender Discrimination<br>and Retaliatory/Wrongful Termination**<br><br>Case N. **DKC 21CV2468**<br><br>Jury Trial Requested<br><br>Concurrent Jurisdiction with Maryland |

**CIVIL COMPLAINT AND JURY DEMAND**

I.   **The Parties to This Complaint**

    A.    The Plaintiff *Pro Se*    Jerri Joann Johnson

        Address at time of Incident    9515 Sylvan Still Road
                                                    Apartment J
                                                  Laurel, Maryland 20723

        Current address    407 South William Street
                                  Goldsboro, North Carolina 27530

        Telephone Number    (321) 501-1975

        E-mail Address    jjfamulaw@yahoo.com

    B.    The Defendant    O'Connell & Lawrence, Inc.

        Principal Place of Business    17904 Georgia Avenue
                                                Suite 302
                                                Olney, Maryland 20832

|  |  |
|---|---|
| Address of Incident | 2700 Lighthouse Point East<br>Suite 330<br>Baltimore, Maryland 21224 |
| Main Telephone Number | (301) 924-4570 |

## II. Jurisdiction and Venue

A. This Court has jurisdiction over this matter under 28 USC 1331 because Plaintiff *Pro Se* is seeking redress of a case arising under the United States Constitution or federal laws or treaties.

   1. CFR Title 29, Title VII of the Civil Rights Act of 1964 and or 42 U.S. Code § 2000e to 2000e-17 (42 U.S. Code SUBCHAPTER VI).

B. This Court has Concurrent State and Federal jurisdiction pursuant to 15 U.S. Code § 3612.

   1. Plaintiff *Pro Se* is bringing an additional claim based in Annotated Code of Maryland, State Government Article § 20-602, prohibiting any discrimination in employment and Montgomery County Code Chapter 27, Article I, Section 27-19 Discrimination in Employment.

C. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Principal Place of Business for Defendant is in Maryland, and its Registered Agent for service is located in Olney, Maryland and the incident in question occurred in Baltimore, Maryland.

## III. Jury Trial Demand

A. Plaintiff *Pro Se* requests a Jury Trial for this claim.

## STATEMENT OF CLAIM

### I. Factual Background

Plaintiff *Pro Se* is asserting a claim of Race and Gender Discrimination and Retaliatory/Wrongful Termination against O'Connell & Lawrence, Inc. (OCL hereinafter).

Plaintiff *Pro Se* began working with the Defendant in 2018, as a Contract Employee. Plaintiff *Pro Se*'s husband, Michael Dobson, had a Contract with the Defendant to provide assistance with research and drafting Civil Engineering Expert Witness Reports. ***See Exhibit #1 – O'Connell & Lawrence, Inc./Michael Dobson Contracting Corp. Consulting Agreement – Amendment Number 1 dated June 26, 2018***

Prior to bringing Plaintiff *Pro Se* on to the Contract between Michael Dobson Contracting Corp. and the Defendant, Plaintiff *Pro Se* was interviewed by Stanley Martin, the Defendant's company Attorney and Bob Nash, an employee of the Defendant's. Apparently the interview was successful, as Plaintiff *Pro Se* was brought on to assist with this particular Contract.

Plaintiff *Pro Se* worked physically at the Defendant's Olney office location during this entire time, when not working from home in North Carolina.

When the Contract in question ended, Plaintiff *Pro Se*'s husband kept in contact with Stanley Martin and Bob Nash and was told that when more work came in, that they would reach out to him to renew his Contract with the Defendant. ***See Exhibit #2 – Email from Stan Martin to Michael Dobson dated June 20, 2019***

Eventually, on September 11, 2020, Plaintiff *Pro Se* was the only person asked to return. Plaintiff *Pro Se* was asked to return to work for the Defendant directly, as a W2 employee as opposed to simply Contract Labor. ***See Exhibit #3 – O'Connell & Lawrence, Inc. Offer Letter to Jerri Johnson dated September 11, 2020***

When Defendant offered Plaintiff *Pro Se* this position, Plaintiff *Pro Se* was physically located in North Carolina. Defendant did not choose to interview Plaintiff *Pro Se* this particular time and Plaintiff *Pro Se* was led to believe that the work assigned would be similar to that which she previously performed for the Defendant when she was Contract Labor.

Plaintiff *Pro Se*, to begin work with Defendant this particular time, was asked to come to the Baltimore Office and retrieve the necessary documents to assist in beginning the employment duties on September 14, 2020. Defendant allowed Plaintiff *Pro Se* to work from home until early October 2020, when they required Plaintiff *Pro Se* perform job duties assigned, physically, in the Baltimore Office, noted above as the "Address of Incident".

### A. Plaintiff *Pro Se* makes first Race and Gender Discrimination Complaint to no avail

Immediately, upon arrival in the Baltimore office Plaintiff *Pro Se* started being treated with discrimination. Plaintiff *Pro Se* was the only other non-Caucasian in the Baltimore office, and only 1 of 2 African Americans employed by the Defendant, companywide.

A recurring incident occurred when lunch was purchased for the office, and either no one would come seek Plaintiff *Pro Se*'s order, or when the food did arrive, nobody told Plaintiff *Pro Se* that lunch had been delivered. Everybody else in the office was able to provide their lunch order and was given notice of lunch arrivals to the office without issue.

Another incident occurred when Plaintiff *Pro Se* was told when she left work early, to seek medical attention for a sore throat, that she could not return unless she had a negative COVID test because that was the OCL Company Policy however, the very next week, another employee, a Caucasian Woman missed days of work because she had "stomach issues" and she was not required to have a negative COVID test to return to work. It should be noted that at that particular time, stomach ailments were one of the COVID symptoms listed on the CDC website for public information regarding COVID.

Amongst many other issues, Plaintiff *Pro Se* was told that my African American hair was "so neat" and various other discriminatory remarks were made. Plaintiff *Pro Se* was mocked because of her attendance at an HBCU (Historically Black College or University).

Plaintiff *Pro Se* was refused the Office credit card to purchase supplies and instructed to drive over an hour away to retrieve them from the Olney office instead, when it was common practice to provide other Baltimore Office employees the credit card to purchase needed office supplies.

Plaintiff *Pro Se* was also not given any work assignments and instead, instructed to drive to the Olney Office and ask "people" there for work. That would not be an issue if this type of work was not driven by billability.

Joshua Rice, the Baltimore Office Vice President and also Plaintiff *Pro Se*'s immediate Supervisor, repeatedly treated Plaintiff *Pro Se* with scorn, and forced Plaintiff *Pro Se* to endure intentional Race and Gender discrimination, so subvert as to avoid detection if ever called out for such behavior.

Plaintiff *Pro Se*'s first claim of Race and Gender Discrimination was made verbally, to multiple people in the office, one being Plaintiff *Pro Se*'s designated POC, Bennett "Rusty" Erdman, who encouraged her to go directly to her Immediate Supervisor Joshua Rice with her complaint, which Plaintiff *Pro Se* did.

Plaintiff *Pro Se* can only imagine that because it was Mr. Rice that she was making the claim against, *and more importantly*, too, he didn't feel it was necessary to take the complaint to the OCL Head Office in Olney even though, weeks before, Mr. Rice told Plaintiff *Pro Se* that it was his duty to report EVERYTHING to the OCL Head Office in Olney.

4

If in fact Mr. Rice did report Plaintiff *Pro Se*'s complaint of Race and Gender Discrimination, nothing came of it.

> B. **Plaintiff *Pro Se* makes second Race and Gender Discrimination Complaint and is immediately Retaliatorily/Wrongfully Terminated**
>
> On December 1, 2021, Plaintiff *Pro Se* was instructed to attend an Interim Probationary Review meeting with her Supervisor Joshua Rice and the OCL HR Director Cindy Schuerholz. This meeting resulted in an agreement to send Plaintiff *Pro Se* to obtain training to assist with writing technical reports based in Civil Engineering. All parties present initialed a plan to meet again, at three future dates, to discuss Plaintiff *Pro Se* progress, after she completed the agreed upon training. ***See Exhibit #4 – Employee Evaluation initialed by all Attendees***
>
> Plaintiff *Pro Se* believed this Interim Probationary Review was simply continued Race and Gender Discrimination on the part of Joshua Rice, as he stated that Plaintiff *Pro Se* "could not even write a sentence, much less a paragraph".

On December 2, 2020, Plaintiff *Pro Se* emailed Mr. Rice, Stanley Martin and Cindy Schuerholz making a second Race and Gender Discrimination complaint. In this email, Plaintiff *Pro Se* explained how she believed that she was being constructively terminated. Plaintiff *Pro Se* also expressed a desire to work with the Defendant on these issues. ***See Exhibit #5 – Email from Jerri Johnson to Joshua Rice cc' to Stan Martin & Cindy Schuerholz dated December 2, 2020***

Unfortunately, instead Plaintiff *Pro Se* was Retaliatorily/Wrongfully Terminated, within *hours* of emailing her second complaint of Race and Gender Discrimination. On December 3, 2020, the day after Plaintiff *Pro Se* was Retaliatorily/Wrongfully Terminated by the Defendant, Stanley Martin replied to Plaintiff *Pro Se*'s email stating that she was terminated for the quality of the work she was producing. ***See Exhibit #6 – Letter of Termination of Employment from O'Connell & Lawrence, Inc. to Jerri Johnson dated December 2, 2020***

Mr. Martin opened his emailed reply with a question of "what happened", as he was told by the HR Director Cindy Schuerholz that everything went great at the Interim Probationary Review meeting the day before, and that we had mapped out a plan forward. ***See Exhibit #7 – Email from Stan Martin to Jerri Johnson dated December 3, 2020***

## DAMAGES AND RELIEF REQUESTED

I. Plaintiff *Pro Se* was terminated with malice, and no consideration given to her protected status as an African American Woman while trying to address what she believed to be continued acts of Race and Gender Discrimination.

5

A.   Plaintiff *Pro Se* was not given an opportunity to address her continued complaints of Race and Gender Discrimination prior to being Retaliatorily/Wrongfully Terminated.

II.   Plaintiff *Pro Se* suffered Mental Anguish which was diagnosed as PTSD because of the manner in which her employment was terminated coupled with the Race and Gender Discrimination she was forced to endure during her employment.  ***See Exhibit #9 – Medical Records for Jerri Johnson referencing PTSD diagnosis (yet to be received from the VA)***

Based on the information contained herein, Plaintiff *Pro Se* seeks relief which includes all or some lost, back, and or front wages for 2 years, as the treating Physiatrist directed Plaintiff *Pro Se* to concentrate on her mental health, as opposed to simply seeking to obtain another employment opportunity right away.

Plaintiff *Pro Se* also seeks reimbursement for the funds expended to relocate from North Carolina to Maryland as Mr. Martin clearly pointed out in his email, that Plaintiff *Pro Se*'s husband was not scheduled to be in Maryland until sometime in December 2020 and the Defendant wanted Plaintiff *Pro Se* physically in the Baltimore Office by October 2020.

Plaintiff *Pro Se* seeks Punitive Damages and relief for Mental Anguish suffered as a result of the Race and Gender Discrimination, and the Retaliatorily/Wrongfully Termination she was forced to endure.

September 28, 2021
Date

[signature]
Signature

Jerri Jann Johnson
Printed Name

407 S Williams St, Goldsboro NC 27530
Address

jjarmstrong@yahoo.com
Email Address

321-501-1975
Telephone Number