IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRI JOANN JOHNSON,        *

      Plaintiff,          *

v.                    *        Civil No. DKC-21-2468

O'CONNELL & LAWRENCE, INC.,   *

      Defendant.       *

                  *     *     *     *     *     *

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Jerri Joann Johnson's ("Ms. Johnson") motion for reconsideration (ECF No. 33) and Defendant O'Connell and Lawrence, Inc.'s ("OCL") Statement of Reasonable Expenses (ECF No. 34).[1] Having considered the parties' submissions (ECF Nos. 33, 34, 35, 36 & 37), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Ms. Johnson's motion for reconsideration will be denied and she will be ordered to reimburse OCL for the reasonable expenses it incurred in connection with her previously denied motion to compel.

On April 5, 2022, the Court denied Ms. Johnson's motion to compel (ECF No. 24). ECF No. 32. Pursuant to Rule 37(a)(5)(B), the Court found that Ms. Johnson's motion was not substantially justified and directed OCL to file a statement of its reasonable expenses incurred in connection with Ms. Johnson's motion. After the Court denied Ms. Johnson's motion, she filed the instant motion for reconsideration. ECF No. 33. OCL did not respond to the motion for

---

[1] This case was referred to me for discovery and related scheduling matters. ECF No. 27.

reconsideration but it has filed a statement of its reasonable expenses. Both matters are ripe for decision.

## I.      Plaintiff's Motion for Reconsideration

Where, as here, the Court is asked to reconsider an interlocutory order, reconsideration is generally only appropriate (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001); *Bank of America, N.A. v. Jericho Baptist Church Ministries, Inc.*, No. PX-15-2953, 2018 WL 5809665, at *2 (D. Md. Nov. 6, 2018); *Sec. & Exch. Comm'n v. North Star Finance, LLC*, No. GJH-15-1339, 2017 WL 4539296, at *2 (D. Md. Oct. 10, 2017). Although the Court has broad discretion in deciding a motion for reconsideration, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003), "a motion to reconsider is not proper where it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." *North Star Finance*, 2017 WL 4539296, at *2 (internal quotation marks omitted). Ms. Johnson's motion for reconsideration does not contain any proper basis for the Court to reconsider its previous decision. Still, the Court will address each of Ms. Johnson's arguments below.

First, Ms. Johnson argues that the Court has improperly held her "to a higher standard than a simple Pro Se Litigant." ECF No. 33 at 1. She explains that although she graduated from law school, "she has never practiced one day of law, and in fact, has never been licensed to practice due to her having failed the Bar Exam five times." *Id.* Ms. Johnson states that she is limited in her "capability to read, understand and comply with the Rules," even as she is capable of "utilizing those Rules to express her contentions and communicate effectively." *Id.* She also explains that

she has attempted to retain counsel (and is still attempting to do so) but has been unable to find an attorney willing to represent her. *Id.* at 2.

In its previous Order, the Court noted that "although Plaintiff is proceeding pro se, she previously attended law school" and that "Plaintiff appears capable of expressing her contentions and communicating effectively." ECF No. 32 at 3. In making these observations, the Court has not held Ms. Johnson to a "higher standard than a simple Pro Se Litigant," ECF No. 33 at 1. The Court's point was this: Ms. Johnson is at least as capable of following the rules as any other self-represented litigant. And her status as a self-represented litigant does not excuse her "from following the Federal Rules of Civil Procedure or the Local Rules," especially considering her demonstrated ability to read and communicate in writing. *Qiydaar v. People Encouraging People, Inc.*, No. ELH-17-1622, 2020 WL 4286831, at *3 (D. Md. July 27, 2020) (*citing Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting a pro se litigant must follow the same rules of procedure that govern other litigants); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam) (same)). Ms. Johnson's argument about her status as a self-represented litigant is not a basis for the Court to reconsider its earlier ruling.

Second, Ms. Johnson argues that her failure to present her motion to compel in the manner prescribed by Local Rules 104.7 and 104.8 should be excused because she misunderstood the meaning of the rules. ECF No. 33 at 2. That Ms. Johnson misunderstood the Court's requirements for the filing of motions to compel is not a basis for the Court to reconsider its earlier ruling. In any event, the Court notes that the Court instructed Ms. Johnson three times regarding what the Local Rules required for motions to compel. ECF Nos. 22 at 1, 25 & 28. Ms. Johnson scrutinized OCL's responses to her discovery requests but failed to give the same level of attention to the Court's rules, even after the Court instructed her to do so.

Third, Ms. Johnson argues that OCL "cherry-picked" excerpts from her deposition testimony, making it appear that she was "non-compliant with the Rules, which could not be any further from the truth." ECF No. 33 at 3. She notes that she was intimidated during her deposition because OCL was represented by four attorneys and its Human Resource Director. *Id.* She accuses opposing counsel of misconduct during the deposition, including "whisper[ing] something in the ear of the Court Reporter so that Plaintiff *Pro Se* could not hear" and asking questions on irrelevant yet sensitive matters designed to harass her. *Id.* The Court recognizes that OCL presented only an excerpt from Ms. Johnson's deposition testimony but this excerpt is enough to demonstrate Ms. Johnson's recalcitrant conduct during the deposition.

Ms. Johnson has not stated a valid basis for the Court to reconsider its earlier ruling. Accordingly, her motion for reconsideration (ECF No. 33) is **DENIED**.

## II.     OCL's Request for Expense Award

### A.     Standard for Expense Awards

Rule 37(a)(5)(B) provides that if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." But the Court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*. "A legal position is 'substantially justified' [under Rule 37] if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 n. 2 (1988)).

"The amount of attorneys' fees to be awarded in any case is left to the discretion of the district court." *Davis v. Uhh Wee, We Care Inc.*, No. ELH-17-494, 2019 WL 3457609, at *10 (D. Md. July 31, 2019) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) *as amended* (Jan. 23, 2014); *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In calculating an award of attorney's fees, the Court must first determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see also Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (noting that the lodestar figure is "the guiding light of our fee-shifting jurisprudence"); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *Garcia v. Montgomery Cnty., Maryland*, No. TDC-12-3592, 2018 WL 1441189, at *5 (D. Md. Mar. 22, 2018). In determining whether hours were "reasonably expended," courts consider whether a case was overstaffed, and how much the skill and experience of counsel may have impacted the time spent on a task. *Id.* at 434. Counsel for a party seeking attorney's fees must engage in "billing judgment," which means that they must "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.*

To determine what is reasonable in terms of hours expended and the rate charged, the Fourth Circuit has stated that the Court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit

arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). "In ruling on an award for a discovery dispute, the most relevant *Johnson* factors may be the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys." *Davis*, 2019 WL 3457609, at *10 (internal quotation marks omitted).

Once the Court determines a lodestar figure, it must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88. The Court then awards "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

"Reasonableness is the touchstone of any award of attorneys' fees," regardless of whether the award is made because of a fee-shifting statute or as a sanction. *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013). Courts will reduce fee awards where a party employs "too many professionals and too many hours devoted to the sanctions-related issues," or neglects to exercise adequate billing judgment. *Id.* at 775. Similarly, if "much of the work was unnecessary. . . considering what was at stake and what was achieved," reasonableness will require lowering the fee award. *Id.* In addition, "[p]roper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006). Inadequate documentation is a basis for a finding that a party has not met its burden to prove the reasonableness of its requested fee. *Id.* ("Lumping and other types of inadequate documentation are thus a proper basis for reducing a fee award because they prevent an accurate determination of the reasonableness of the time expended in a case.")

The Court's Local Rules provide some guidance on the determination of a reasonable hourly rate. Appendix B to the Local Rules provides the following hourly rates as guidelines:

    a.  Lawyers admitted to the bar for less than five (5) years: $150-225.
    b.  Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
    c.  Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
    d.  Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
    e.  Lawyers admitted to the bar for twenty (20) years or more: $300-475.
    f.  Paralegals and law clerks: $95-150.

The party seeking attorney's fees bears the burden to prove that the requested fee is reasonable. *Hensley*, 461 U.S. at 433. In exercising its broad discretion to determine a reasonable fee award, a district court must provide a "concise but clear explanation of its reasons." *Id.* at 437.

The Supreme Court has cautioned that "determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (*quoting Hensley*, 461 U.S. at 437). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

### B.    OCL's Attorney's Fees are Largely Reasonable

OCL seeks an award of expenses for $7,178, which represents the expenses that it incurred in connection with Ms. Johnson's unsuccessful motion to compel. ECF No. 34. Ms. Johnson objects to any award of expenses because (in her view) the Court's order denying her motion to compel "was not substantially justified" and because "there are circumstances that make this award of expenses unjust." ECF No. 36 at 1. Before considering the reasonableness of OCL's claimed fees, the Court will address Ms. Johnson's arguments.

First, as noted above and as explained in the Court's previous Order (ECF No. 32 at 3-4), Ms. Johnson's motion to compel was not substantially justified. And Ms. Johnson's opinion that

the Court's Order itself was not substantially justified is immaterial to whether she must pay OCL's fees under Rule 37(a).

Second, Ms. Johnson has identified no circumstances that would make an award of expenses unjust. She claims that one of the disputes at issue in her motion concerned whether OCL produced a complete copy of its employee handbook. ECF No. 36 at 1-3. She notes that although OCL's counsel stated on the record at a deposition that OCL had produced the complete handbook, only part of the handbook had been produced by that date. *Id.* OCL only produced the complete employee handbook after the deposition, on March 18, 2022. *Id.* at 2-3. Ms. Johnson urges the Court "rescind or reverse [the] Order" requiring her to pay OCL's expenses incurred in connection with the motion to compel. *Id.*at 4. She also notes that OCL's counsel asked her during the deposition how she knew that another former employee had settled their claim against OCL. *Id.* at 5-6. Ms. Johnson explains that she learned this from OCL's own discovery production. This, she argues, is evidence that OCL has "acted in a fashion that is at the very least, questionable" and renders her actions substantially justified. *Id.*

The Court is not persuaded that any misunderstanding between Ms. Johnson and OCL regarding (1) whether the entire employee handbook had been produced and (2) the source of Ms. Johnson's knowledge that another former employee had settled their claim against OCL renders Ms. Johnson's unsuccessful motion to compel substantially justified. And the Court does not find that any such misunderstanding would make an award of expenses unjust. Even so, as explained below, the Court will reduce OCL's expenses by 10% to account for the time OCL's attorneys may have spent related to these issues. Although it is not clear that Ms. Johnson's arguments have any merit, it does appear that there was some miscommunication between the parties. This

reduction will ensure that Ms. Johnson is not required to pay for any unnecessary expenses that OCL incurred.

In support of its Statement of Reasonable Expenses, OCL has submitted the Affidavit of Shirlie Norris Lake (ECF No. 35). According to this affidavit, Ms. Lake has been a member of the Maryland bar since 1980. *Id.* at 1. She charged OCL an hourly rate of $180, which is lower than the presumptively reasonable rates listed in the Local Rules. *Id.* Her co-counsel, Alexander Cranford, has been a member of the Maryland bar since 2018. *Id.* He charged OCL an hourly rate of $165, which is within the rates listed in the Local Rules. *Id.* I find that the hourly rates that OCL's attorneys charged are reasonable. And Ms. Johnson does not dispute the reasonableness of the rates.

The time that OCL's attorneys spent working on matters related to Ms. Johnson's motion to compel is documented in the billing records attached to OCL's Statement of Reasonable Expenses. ECF No. 34-2. OCL's attorneys spent nearly 40 hours performing tasks related to OCL's opposition to Ms. Johnson's motion to compel. *Id.* at 5. Other than her objection about work performed related to production of the complete employee handbook, Ms. Johnson does not argue that any of the work OCL performed was unnecessary or unreasonable. Having reviewed OCL's attorneys' billing records, I find that the time OCL's attorneys spent opposing Ms. Johnson's motion to compel is reasonable.

The Court will reduce OCL's claimed expenses by 10%, to $6,460.20, to account for the time its attorneys spent on matters that may not have been necessary to oppose Ms. Johnson's motion to compel, including OCL's production of the complete employee handbook. This is a generous reduction given that the billing records only show a $57.00 expense related to work performed in connection with the employee handbook. ECF No. 34-2 at 3. No other reduction in

OCL's attorney's fees is warranted. Accordingly, the Court finds that OCL is entitled to an award of reasonable expenses in the amount of $6,460.20. Ms. Johnson will be required to pay these expenses to OCL's counsel within 60 days. Failure to do so may result in the imposition of additional sanctions, including civil contempt and the dismissal of Plaintiff's claims.

## III.   Conclusion

For these reasons, Ms. Johnson's motion for reconsideration (ECF No. 33) is **DENIED**. Ms. Johnson shall pay the reasonable expenses that OCL incurred in connection with its opposition to her motion to compel, which are $6,460.20, to OCL's counsel within 60 days of the date of the accompanying Order.


<u>May 23, 2022</u>                                    _____/s/_____
Date                                               Timothy J. Sullivan
                                                   United States Magistrate Judge